Dear Mr. Alexander,
As Patrol and Administrative Commander for the Lincoln Parish Sheriffs Department, you have formally requested an Attorney General Opinion related to the situation where the issue presented by you is as follows:
 Are there any issues involving the use of unmarked police vehicles and the roles that they (unmarked vehicles) should, or should not play in initiating traffic stops?
In response to your inquiry on the issue stated above, there are two concerns whenever unmarked vehicles are used to initiate traffic stops. The first concern would be the effect of using said vehicles in the subsequent criminal prosecution of someone who refused to stop their vehicle in response to an order from an officer traveling in an unmarked unit.
Louisiana Revised Statute 14:108.1 deals with flight from an officer and aggravated flight from an officer. Both 14:108.1(A), dealing with misdemeanor flight from an officer, and 14:108.1(C), covering aggravated flight from an officer, have exact language on this issue which can be found in the final sentence of each paragraph. It reads, "The signal shall be given by an emergency light and siren on a vehicle markedas a police vehicle." Thus, it would be difficult, if not impossible, to obtain a conviction on someone who flees an unmarked police car under the current law.
The second concern would be the liability of the police department should the driver of the unmarked police vehicle cause a traffic accident either with his own car during a pursuit or by the fleeing car. The legislature carved out exceptions from general negligence liability for authorized emergency vehicles when either responding to an emergency call or when in the pursuit of an actual or suspected violator of the law provided that such vehicles make use of audible or visual signals sufficient to warn motorists of their approach. See LSA R.S. 32:24. Let us examine the issue in light of the previous discussion regarding the motorist who flees from the unmarked police car.
It is conceivable that fault be assigned to the officer who chases a suspect in an unmarked car when said pursuit results in injury. As stated above, trying to arrest a suspect solely for flight from an unmarked car would be unlawful in this situation. If the officer in the unmarked car could not provide justification for the arrest, then the officer would be liable for any damages under the would-be plaintiff`s false arrest claim.
As most departments do not use unmarked vehicles for traffic stops, there has been little case law developed on this issue. However, it is always a good idea to employ precautionary measures. For example, equipping the unmarked vehicle with lights and sirens to use in potential pursuits would minimize departmental liability provided the secondary conditions of LSA R.S. 32:24 are met.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ______________________ MATTHEW B. DERBES ASSISTANT ATTORNEY GENERAL
 MBD/jy